Filed 1/11/24  P. v. Jensen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEITH HUGH JENSEN,<br><br>  Defendant and Appellant. | C097822<br><br>(Super. Ct. No. 22FE006188) |

Defendant Keith Hugh Jensen was representing himself and pled no contest to the unlawful driving of a vehicle.  After that plea but before his sentencing, defendant filed over a dozen motions, including motions to dismiss the case, motions for discovery, motions to withdraw his plea, and other pleadings seeking to disqualify several judges involved in the case.  In these motions and at hearings, defendant repeatedly accused government officials, including the judges presiding over his case, of misconduct, corruption, and conspiring against him.  The court ultimately found defendant's motions were frivolous and terminated defendant's self-representation.  Defendant appeals from

1

the resulting judgment and argues the court erred in revoking his self-represented status. We affirm because the trial court acted within its discretion.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2022, the trial court relieved defendant's court-appointed public defender due to a conflict of interest and granted defendant's motion to represent himself. Two weeks later, defendant filed a peremptory challenge against the trial judge pursuant to Code of Civil Procedure section 170.6, and the case was reassigned to Judge McCormick. Defendant then pled no contest to unlawful driving of a vehicle and admitted a prior strike conviction. The negotiated disposition provided for 32 months' imprisonment. As part of the plea colloquy, defendant avowed that he was entering his plea freely and voluntarily. The trial court scheduled a sentencing hearing for August 2022.

In the months following his plea hearing, defendant filed numerous pleadings, including: (1) a declaration in support of a motion pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247; (2) a motion for release on his own recognizance; (3) a motion to reduce his conviction to a misdemeanor; (4) a motion to withdraw his no contest plea; (5) a motion to deem the matter an unusual case for the purposes of granting probation; (6) a motion challenging the restitution order; (7) a motion for pretrial discovery; (8) an addendum to the motion to withdraw his no contest plea; (9) a motion to dismiss for vindictive prosecution; (10) an offer of proof of third party culpability; (11) a motion to dismiss based on judicial and prosecutorial misconduct; (12) an addendum to the motion to dismiss based on governmental misconduct; (13) a motion to recuse Judge McCormick; (14) a "statement" to his motion to dismiss based on governmental misconduct; (15) a motion to disqualify Judge McCormick pursuant to Code of Civil Procedure section 170.1; (16) a further motion for discovery; and (17) a request for permission to use an electronic recorder based on defendant's claim that the court reporter was improperly transcribing the proceedings.

Defendant's motion to withdraw his plea asserted that the plea had been based on "misinformation by the People and Judge McCormick." This motion and its addendum accused Judge McCormick of: "bias, prejudice, lies and dec[ei]t with defendant"; taking actions "through fraud, dec[ei]t and governmental misconduct to entice and/or sway defendant and his fiancé into accepting a 32-month prison sentence"; and "conspir[ing]" with the assistant district attorney prosecuting the case and the court clerk to violate his constitutional rights and falsify the court transcripts. Defendant raised similar allegations of misconduct in his motion to dismiss the offense of which he had already been convicted. The addendum to that motion accused Judge McCormick of "lying on the record"; alleged that Judge McCormick induced the court reporter to lie on his behalf to cover up the judge's own lies; and told Judge McCormick that he is "hiding behind a woman's skirt[]," does not "deserve to wear that robe," and that he needs to "man up bro." In that same motion, defendant claims that the proceedings had been tainted by the trial court's belief that defendant "is nothing but a 'piece of shit.' " Defendant's filings also announce his intent to "seek disbarment from all parties" and file "complaints/investigations" with the Inspector General, the Attorney General, the Governor, the Federal Bureau of Investigation, the State Bar, and the Commission of Judicial Performance. Next to a drawing of a smiley face, defendant wrote in his motion to dismiss "smile, you all under deep investigation—Good Luck!"

In July 2022, Judge McCormick denied defendant's motion for release on his own recognizance. The August 2022 sentencing hearing was vacated. On October 7, 2022, because Judge McCormick was unavailable, Judge Winn held a hearing on defendant's motion to dismiss. Judge Winn denied defendant's motion to dismiss the case because defendant had not articulated a basis for dismissal. Defendant responded by filing a declaration of disqualification as to Judge Winn, alleging that the judge "violated his oath of judicial ethics" and had "shown favoritism and nepotism" and "bias and prejudice." The filing also requested that the Commission on Judicial Performance initiate

3

disciplinary proceedings against Judge Winn. The trial court again continued defendant's sentencing hearing.

On October 26, 2022, Judge Bowman struck defendant's challenge for cause against Judge McCormick because it was untimely and provided no ground for disqualification. Then, because Judge McCormick remained unavailable, the case was reassigned to Judge Marlette. At a hearing on October 31, 2022, defendant said, "Judge Michael G. Bowman, Judge Laurel D. White, and apparently now Judge Patrick Marlette, are all in a conspiracy to thwart defendant's evidentiary hearing" as to his motion to withdraw his plea and insisted "that all of the judges of Sacramento County Superior Court are corrupt and do whatever they want to do, subverting and perverting the laws, codes, procedures, etc., to their whim with no regard to the oaths that they swore to uphold. [¶] . . . [¶] It's really sad and pathetic. [¶] I will be suing the State of California with all of you as a party to your corruptness."

At this point, the trial court told defendant "I'm going to revoke your pro per status. I'm going to find that the pleadings that you have submitted are frivolous; that you've made ad hominem attacks on Courts, staff, and in general. You have threatened to report judicial officers to the Judicial Council, particularly with me if it doesn't go your way, to quote you. You have misstated facts, and those misstatements are apparent from review of the record and generally due to your pro per status. [¶] So at this time I'm going to revoke your pro per status." The trial court appointed defendant an attorney who represented him through sentencing.

Defendant timely appealed following sentencing.

### DISCUSSION

Defendant contends that the trial court violated his constitutional right to self-representation by revoking his self-represented status. We disagree.

The Sixth and Fourteenth Amendments to the United States Constitution give criminal defendants the right to represent themselves. (*Faretta v. California* (1975)

4

422 U.S. 806, 807, 821.)  But the right of self-representation is not unlimited.  (*People v. Becerra* (2016) 63 Cal.4th 511, 518.)  " ' "[The] government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." ' "  (*Ibid.*)  Moreover, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom."  (*Faretta*, at p. 834, fn. 46.)  As such, a court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."  (*People v. Carson* (2005) 35 Cal.4th 1, 8.)

" 'When determining whether termination is necessary and appropriate, the trial court should consider several factors in addition to the nature of the misconduct and its impact on the trial proceedings,' including:  (1) 'the availability and suitability of alternative sanctions,' (2) 'whether the defendant has been warned that particular misconduct will result in termination of in propria persona status,' and (3) 'whether the defendant has "intentionally sought to disrupt and delay his trial." ' "  (*People v. Ng* (2022) 13 Cal.5th 448, 494-495.)  "The intention to disrupt and delay trial is, in many instances, sufficient to order termination."  (*Id.* at p. 495.)  'In most cases, no one consideration will be dispositive; rather, the totality of the circumstances should inform the court's exercise of its discretion.'  (*Ibid.*)  "A court's decision will not be disturbed absent a strong showing of clear abuse."  (*Ibid.*)

The trial court acted within that discretion here.  While representing himself and after he had already pled no contest and was scheduled to be sentenced, defendant filed over a dozen motions, including several motions to dismiss the case and motions for discovery.  These motions—premised largely on claimed conspiracies among government officials—were without merit, and at no point in his appellate brief does defendant argue otherwise.  In fact, defendant essentially acknowledges that the purpose of his "many motions" was to obstruct the proceedings, explaining that "[o]utlaws put a boulder on the [train] tracks.  These motions were appellant's boulder."  And that was the ultimate effect of defendant's filings because, while the trial court reviewed and

5

considered these motions, defendant's sentencing hearing was repeatedly vacated and continued.

The additional circumstances highlighted by the trial court in its ruling further justify the termination of defendant's self-representation. Defendant misstated facts throughout the proceedings and the court reasonably concluded that those misrepresentations (upon which his motions were based) were the result of his self-represented status. Further, defendant was unrelenting in his attacks on the integrity of the court and made criminal accusations against court staff and any judicial officer who ruled against him. (Cf. *People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1516 ["Defendant protests that the trial court did not specifically articulate *why* his repeated refusal to come to court would interfere with his trial, but . . . there are no magic words that must always be said, particularly when they would do no more than state the obvious"].)

Defendant next contends that his conduct had no impact on a *trial* since he had already pled no contest. But there is no requirement that a defendant's conduct disrupt a trial itself, and a court may consider disruptive behavior in other court proceedings when deciding whether to revoke a defendant's self-represented status. (See *People v. Watts* (2009) 173 Cal.App.4th 621, 629-630; *People v. Carson*, *supra*, 35 Cal.4th at pp. 9, 11-12.)

Defendant finally claims that the trial court abused its discretion because it failed to consider alternative sanctions and never warned him that his conduct could result in termination of self-representation. But there is no requirement the court must consider alternative sanctions or warning and, as here, where defendant's actions of repeatedly filing frivolous motions required unnecessary continuances, as they appeared designed to do, we will not reverse "absent a strong showing of clear abuse." (*People v. Ng*, *supra*, 13 Cal.5th at p. 495.) Defendant has made no such showing here.

6

DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
DUARTE, J.